IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JULIE ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>SHELDON YEAGER,<br><br>    Defendant. | Case No. 22-1210-JWB-ADM |

**NOTICE AND ORDER TO SHOW CAUSE**

To plaintiff, by and through her attorneys:

    Plaintiff's complaint asserts that the court has diversity jurisdiction over this action. (ECF No. 1, at ¶ 4.) Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. 28 U.S.C. § 1332(a); *see also Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state . . . ."). The court has an independent obligation to satisfy itself that subject-matter jurisdiction is proper. *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). If the court determines that it lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings." *Penteco Corp., Ltd. P'ship v. Union Gas Sys.,* 929 F.2d 1519, 1512 (10th Cir. 1991); *see also* FED. R. CIV. P. 12(h)(3) (same).

    Plaintiff does not allege facts sufficient to establish complete diversity of citizenship between plaintiff and defendant. Plaintiff alleges that she is "an individual residing in North Carolina," and that defendant is "an individual with his principle [sic] place of residence in Michigan." (ECF 1 ¶¶ 1-2.) But a "resident" of a state is not equivalent to a "citizen" of a state. Rather, an individual "is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200 (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Domicile is established by a physical presence in a

1

place in connection with an intent to remain there. *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989). An individual's residence is not synonymous with domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 n.14 (10th Cir. 1972) (holding "an allegation that a party defendant is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court")).

Because the face of the complaint does not allege facts sufficient to establish complete diversity of citizenship, the court orders plaintiff to show cause in writing by **October 4, 2022**, why the court should not recommend that the district judge dismiss this case without prejudice for lack of subject-matter jurisdiction. Any response to this show-cause order must point to factual allegations that, if true, would establish complete diversity of citizenship.

**IT IS SO ORDERED.**

Dated September 20, 2022, in Kansas City, Kansas.

s/ Angel D. Mitchell  
Angel D. Mitchell  
U.S. Magistrate Judge